Lorenzo D. Joslyn & others *vs.* County Commissioners of Franklin.

William T. Clapp & another *vs.* Same.

Under the Rev Sts. *c.* 14, § 27, a final determination by county commissioners of business at which opposing parties appear is erroneous, unless all of the three commissioners then present have heard the evidence in the case.

Petitions for writs of certiorari to quash the proceedings of the respondents in dismissing petitions for laying out a highway. The respondents filed a general demurrer in each case, and the question arising thereon was reserved by *Dewey*, J. for the determination of the full court, in whose opinion the case is stated.

*G. T. Davis & D. W. Alvord,* for the petitioners.
*W. Griswold,* for the respondents.

Dewey, J. The Rev. Sts. *c.* 14, § 16, enact that there shall be three county commissioners in each of the counties, except Suffolk and Nantucket. Section 27 provides that " no business, in which opposing parties appear, shall be finally determined, except by consent, unless there shall be three disinterested commissioners present and acting thereon." This statute provision has clearly indicated the general views of the legislature as to the necessity that the full board of three commissioners be present and acting to constitute a quorum.

There were present at the meeting of the board, whose doings are now sought to be quashed, three commissioners; and the further inquiry is, whether there were three qualified to act on this particular matter, and whether the disposition of the case, in the manner in which it was adjudicated, was a legal and proper one. The petitioners represent that Horace Hunt, one of the said three commissioners, was a new commissioner, appointed to fill a vacancy in the board occasioned by the death of Josiah Goddard, who, with the other two commissioners, had acted at the view and hearing on the petition of Lorenzo D. Joslyn and others, but before any adjudication thereon was made had deceased. The petitioners for a certiorari allege that, at the meeting of the board whose proceedings are complained of, they protested against any final adjudication by three members, one of whom had not heard the evidence and was unacquainted with the facts of the case shown at the hearing; but the commissioners proceeded to make a final adjudication, and the two commissioners that had composed part of the board at the hearing ordered the petition dismissed; Horace Hunt dissenting from the majority, for the reason, publicly stated, " that he had not heard the case, and was utterly unacquainted with its merits."

Was there, assuming the facts to be as stated in this petition, a competent board qualified to make a final adjudication ? It is true that the final decision of a majority of the board is a valid decision when there has been a hearing before the three commissioners. That was foreseen and understood by the legislature when they enacted the provision that there should be

three commissioners present and acting upon a final adjudication. It was deemed expedient to secure all the advantages that would result from the action of three independent minds in presenting to the consideration of their associates all the various views as to the matter before them for adjudication. Mr. Hunt was not qualified to perform this duty. Had he been so, his opinion upon the facts, and his argument upon his view of the case, might have had a material influence upon the final judgments of the others.

Under the *St.* of 1786, *c.* 67, § 4 — which authorized the court of sessions to appoint a committee of five freeholders to lay out a highway, after providing that they should locate the road, which having done, they or the major part of them should make return thereof — although four heard the case and all concurred in the decision and made report thereof so stating, yet the proceedings were quashed, because the remaining member of the committee was not present at the hearing. *Commonwealth* v. *Ipswich,* 2 Pick. 70. The principle that all the members of a board of referees must be present at the hearing, although a majority may finally determine the case, has often been recognized as sound law, and imperative on the courts upon the question of giving effect to an award. *Short* v. *Pratt,* 6 Mass. 496. *Carpenter* v. *Wood,* 1 Met. 411. *McInroy* v. *Benedict,* 11 Johns. 402.

*Demurrer overruled.*